**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RAYMOND E. CONNIFF, III,

                Plaintiff,

   v.                                             1:25-cv-00848 (AMN/TWD)

MICHAEL BURTON and ST. MARY'S
HOSPITAL,

                Defendants.

---

**APPEARANCES:**                               **OF COUNSEL:**

**RAYMOND E. CONNIFF, III**
I.D. No.: 913582
Montgomery County Jail
P.O. Box 432
Fultonville, New York 12072
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On June 27, 2025, Plaintiff *pro se* Raymond E. Conniff, III, commenced this action against St. Mary's Hospital and Michael Burton, a security guard at St. Mary's Hospital, asserting various claims under 42 U.S.C. § 1983 ("Section 1983") in connection with his arrest upon discharge from St. Mary's Hospital. *See* Dkt. No. 1 ("Complaint"). Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 9, 11, 13.

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on October 29, 2025, granted Plaintiff's motion for leave to proceed IFP and recommended that Plaintiff's Complaint be

dismissed with leave to amend. *See* Dkt. No. 15 at 12-13 ("Report-Recommendation").[1] Magistrate Judge Dancks advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 13. No objections have been filed, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.    STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Dancks recommended that Plaintiff's Complaint be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *See* Dkt. No. 15 at 7-9. Rule 8 requires a pleading to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10 requires parties to state their claims or defenses in numbered paragraphs, "limited as far as practicable to a single set of circumstances," to promote clarity. *Id.* at 7-8 (citing Fed. R. Civ. P. 8(a)(2), (10)). Here, Magistrate Judge Dancks found that Plaintiff's Complaint is difficult to understand because of these deficiencies. *Id.* at 9 (citing *Griffith v. New York State*, No. 23-cv-1266, 2024 WL 1641587, at *4 (N.D.N.Y. Mar. 20,

2024) (recommending dismissal of complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, noting that plaintiff's Section 1983 claim or claims were "entirely unclear"), *report and recommendation adopted*, 2024 WL 1639856 (N.D.N.Y. Apr. 16, 2024)).

Second, Magistrate Judge Dancks recommended that Plaintiff's Section 1983 claims be dismissed because Plaintiff had not plausibly alleged that Defendants, a private individual and a private hospital, were acting under the color of state law. *See* Dkt. No. 15 at 9-10 (citing, *inter alia*, *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as . . . hospitals . . . are generally not proper § 1983 defendants because they do not act under color of state law.") (citation omitted)); *Guillory v. Benedict*, No. 21-cv-73, 2021 WL 707076, at *2 (N.D.N.Y. Feb. 4, 2021) (recommending dismissal of plaintiff's Section 1983 claims against St. Joseph's Hospital, a private hospital), *report and recommendation adopted*, 2021 WL 706644 (N.D.N.Y. Feb. 23, 2021)).  Even if Plaintiff could somehow show that Defendants were acting under the color of state law, Magistrate Judge Dancks found that Plaintiff's Section 1983 claims should still be dismissed because Plaintiff's allegations are conclusory, and thus insufficient to state a claim for deprivation of Plaintiff's constitutional rights.  *See* Dkt. No. 15 at 10 (citing *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987) ("[A]llegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983.") (citations omitted)).

Third, to the extent that Plaintiff asserts claims under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Magistrate Judge Dancks recommended that such claims be dismissed with prejudice because there is no private right of action to enforce HIPAA.  *See* Dkt. No. 15 at 10-11 (citing, *inter alia*, *Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*,

4

639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases)); *see also Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (concluding that HIPAA confers no express or implied private cause of action).

Fourth, to the extent that Plaintiff asserts any state law claims, Magistrate Judge Dancks recommended that this Court decline to exercise supplemental jurisdiction over such claims. *See* Dkt. No. 15 at 11. Magistrate Judge Dancks explained that "[a] district court may decline to exercise supplemental jurisdiction over state law claims when it 'has dismissed all claims over which it has original jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1367(c)(3)).

Lastly, Magistrate Judge Dancks recommended that Plaintiff be granted an opportunity to amend his Complaint to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure and to state a valid claim for relief. *See id.* at 12 (citing *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)); *see also Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (noting that courts should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated").

Having reviewed the Report-Recommendation and considered Magistrate Judge Dancks' findings as to each claim, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

IV.   **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 15, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 24, 2025
      Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge